OPINION
{¶ 1} Appellant Glenmoor Properties Limited Partnership appeals a judgment of the Stark County Common Pleas Court dismissing its complaint seeking payment of marketing fees from appellee Josephine Joseph:
 {¶ 2} "The Common Pleas Court Erred In Holding That The Subject Deed Covenant Did Not Run With The Land And On Entering Summary Judgment In Favor Of The Defendant.
 {¶ 3} "The Common Pleas Court Erred In Denying Plaintiff's Motion For Summary Judgment."
 {¶ 4} On April 12, 1996, appellant deeded to Robert Shearer Sublot No. 282 in the Estate of Glenmoor Subdivision. The deed provided:
 {¶ 5} "Grantee may contract with a builder chosen from a list provided by Grantor ("Featured Builder") for the construction of Grantee's house and related improvements and, in such event, Grantee acknowledges that said Featured Builder will pay a marketing fee to Smythe-Cramer Co. ("Marketing Fee") and a promotion fee to Grantor ("Promotion Fee") equal to five percent (5%) and three-quarters of one percent (3/4%), respectively of the contract price for the house and related improvements built for Grantee on the Sublot. In the event, however, that Grantee should elect to contract with a builder who is not a Featured Builder ("Non-Featured Builder"), Grantee agrees to include a provision or provisions in the construction contract for Grantee's house and related improvements requiring said builder to pay the Marketing Fee to Smythe-Cramer Co. and the Promotion Fee to Grantor equal to five percent (5%) and three-quarters of one percent (%), respectively, of the contract price for the home built for Grantee on the Sublot. The foregoing Marketing Fee and Promotion Fee shall be paid on the date on which Grantee makes its final payment on the contract for the house and related improvements on the Sublot to the Featured Builder or the Non-Featured Builder, and Grantee agrees that the Marketing Fee and Promotion Fee shall be withheld from said final payment to the Featured Builder or Non-Featured Builder and the Marketing Fee paid directly to Smythe-Cramer Co., or any successor broker, as the case may be, and the Promotion Fee shall be paid directly to Grantor. The foregoing obligation of Grantee to cause the Featured Builder or Non-Featured Builder to pay the Marketing Fee to Smythe-Cramer Co. and the Promotion Fee to Grantor shall be deemed to be a covenant running with the land and binding upon Grantee and their heirs and assigns. Upon payment of the Marketing Fee and the Promotion Fee as provided above, Grantor shall execute, deliver and file for record a release evidencing that the foregoing covenant has been fulfilled by Grantee and is no longer binding upon Grantee, their heirs and assigns. The terms of this provision shall survive delivery of the Deed and closing."
 {¶ 6} Shearer then deeded the lot to Rodney Napier. On August 27, 1997, Napier deeded the Sublot to appellee. Appellee constructed a home on the Sublot. Appellant filed the instant action seeking to collect the Marketing Fee and Promotion Fee, plus interest, pursuant to the above-referenced covenant.
 {¶ 7} Both parties moved for summary judgment. The court granted appellee's motion for summary judgment, finding that the covenant was a personal covenant which did not run with the land, as the deed provision at issue did not "touch and concern" the land.
 I {¶ 8} In its first assignment of error, appellant argues that the court erred in granting appellee's motion for summary judgment, as the covenant ran with the land.
 {¶ 9} Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 10} The determination of whether a covenant runs with the land depends on whether the covenant is real or personal. Lone Star Steakhouse Saloon of Ohio, Inc. v. Quaranta, 2002-Ohio-1540. A real covenant is related to the realty, having for its object something annexed to, inherent in, or connected with the land. Id. Conversely, a personal covenant does not run with the land, and is for the personal use and enjoyment of the land solely by the original parties to the covenant. Id.
 {¶ 11} When determining whether a covenant runs with the land, three factors must be met: (1) intent for the restrictive covenant to run with the land; (2) the restrictive covenant touches and concerns the land; and (3) privity of contract exists. Lumack Development Corp. v.Buck Point Ltd. Partnership (1988), 61 Ohio App.3d 558, 562. Touching or concerning the land is a determination of whether the property was made more useful or valuable by the covenant. Id.
 {¶ 12} In the instant case, there is no dispute that the first and third requirements are met. The sole issue is whether the covenant at issue touches or concerns the land by providing a benefit to the land or making it more valuable.
 {¶ 13} The fees in the instant case directly relate to the house or related improvements built on the lot. The marketing and promotion fees benefit the landowner, as such fees are related to the privilege of building a home in the Glenmoor development. The Marketing and Promotion Fees help promote the development and are directly related to the right to build a home on the Sublot, ultimately making the property more valuable. The trial court erred in concluding that the covenant did not touch and concern the land.
 {¶ 14} Further, a personal covenant or agreement will be held valid and binding in equity on a purchaser taking the estate with notice. Counts v. Baltimore and Ohio Railroad Company (1961), 177 N.E.2d 606, 609. The covenant is not binding on a successor merely because he stands as an assignee of the party who made the agreement, but because he has taken the estate with notice of a valid agreement concerning it, which he cannot equitably refuse to perform. Id.
 {¶ 15} In the instant case, although appellee claims she did not have notice of the covenant, the covenant was duly recorded, and her deed references that it is subject to the declaration of covenants of the Estate of Glenmoor. Thus, appellee was placed on constructive notice by the filing of the covenant. While the covenant provides a mechanism for release upon construction of a home and payment of the fees, the covenant had not been released as of the date of purchase of the property by appellee, and appellee was obviously aware that a home had not yet been constructed on the Sublot.
 {¶ 16} The first assignment of error is sustained.
 II {¶ 17} Appellant argues that the court erred in failing to grant summary judgment finding the covenant enforcable against appellee. As there are no disputed facts and the question is solely one interpretation of law, we agree.
 {¶ 18} The second assignment of error is sustained.
 {¶ 19} The judgment of the Stark County Common Pleas Court is reversed. This cause is remanded to that court within instructions to determine the amount due to appellant Glenmoor Properties Limited Partnership from appellee Josephine Joseph pursuant to the terms of the covenant and the complaint.